ROBERT A. CHAISSON, Judge. ■
| ¡.Defendant, Kendell Stuart, appeals his conviction and sentence for first degree robbery. For the reasons that follow, we affirm defendant’s conviction and sentence and grant appellate counsel’s motion to withdraw as counsel of record for defendant.

PROCEDURAL HISTORY

On January 9, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant with first degree robbery, in violation of LSA-R.S. 14:64.1. At his arraignment on January 27, 2014, defendant pled not guilty. Thereafter, on March 20, 2014, defendant withdrew his not guilty plea, and after being advised of his rights, pled guilty as charged. In accordance with the plea agreement, the trial judge sentenced defendant to imprisonment at hard labor for ten years without benefit of parole, probation, or suspension *1232 of sentence. Defendant subsequently filed an application for post-conviction relief, claiming |sthat he received ineffective assistance of counsel. The trial court treated defendant’s application as a request for an out-of-time appeal and granted it.

ANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record for defendant.
When an Anders brief has been filed, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110.
In this case, defendant’s appellate counsel has complied with the procedures for filing an Anders brief. He reviewed the procedural history of thé case in his brief and noted the limited facts in light of defendant’s guilty plea. Appellate counsel set forth that, after a careful review of the record, he has found no nonfrivolous issues to raise on appeal. Counsel notes that defendant, represented by counsel, entered an unqualified guilty plea thereby waiving all non-jurisdietional defects, and he further notes that defendant did not reserve the right to seek review of any pre-trial rulings pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
|4In his Anders brief, appellate counsel also states that defendant’s guilty plea raised no issues for appellate review, recognizing that defendant was fully advised of his rights, that he understood his rights and the consequences of his guilty plea, and that he was not forced, threatened, or coerced into entering the guilty plea. In addition, counsel acknowledges that the sentence was imposed in accordance with the terms of the plea agreement. Further, appellate counsel states that the bill of information was in order, that the minutes reflected defendant was present with counsel for all critical court proceedings, that the plea form and colloquy were thorough and complete, and that the plea bargain appeared to be very advantageous to defendant. After a thorough review of the proceedings in his appellate brief, counsel asserts that he could find no non-frivolous issues upon which to base an appeal.
Along with his brief, defendant’s appellate counsel has filed a motion to withdraw as counsel of record for defendant, being of the opinion that the appeal is wholly frivolous. He indicates in the motion that he has mailed a copy of his motion to withdraw, the accompanying brief, and the *1233 pro se briefing notice to defendant. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed on his behalf and that he had until March 9, 2015, to file a pro se supplemental brief. As of this date, defendant has not filed a supplemental brief.
This Court has performed an independent review of the appellate record, including the pleadings, minute entries, bill of information, and transcripts. Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also | ¡¡sufficiently identified defendant and the crime charged. Further, the minute entries reflect that defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea, and sentencing. Further, there were no pre-trial rulings that could have been preserved for appeal under the holding in State v. Crosby, supra.[2]
In addition, our review of the record reveals no irregularities in defendant’s guilty plea. The record shows that defendant was aware he was charged with and pleading guilty to the crime of first degree robbery. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood those rights. Further, defendant acknowledged that he had not been forced, coerced, or threatened into entering his guilty plea. Defendant was also informed of the maximum and minimum sentence and of the actual sentence that would be imposed if his guilty plea was accepted. After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant’s sentence, we note that it was imposed in accordance with the plea agreement. This Court has consistently recognized that LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. | 610/6/05), 916 So.2d 1171, 1173. In addition, defendant’s sentence falls within the sentencing range set forth in the statute. See LSA-R.S. 14:64.1. Moreover, defendant’s plea agreement was beneficial to him in that he received a relatively low ten-year sentence and the State agreed not to multiple bill him. Based on the foregoing, we find that defendant’s guilty plea and the sentence imposed pursuant to the plea agreement do not present any issues for appeal.
We have also reviewed the record for errors patent and have found none. LSA- *1234 C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990).
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as counsel of record for defendant, and we affirm defendant’s conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED: MOTION TO WITHDRAW GRANTED

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam ).

. Defendant filed pre-trial motions; however, they were never ruled upon. Defendant did not object to the trial court's failure to hear or rule on his pre-trial motions prior to his guilty plea; and therefore, the motions are considered waived. State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.